UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| JULIUS MARABLE #483096 | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 3:16-cv-01127 |
| | ) | JUDGE CRENSHAW |
| RUTHERFORD CO. SHERIFF'S DEPT., et al., | ) ) | |
| | ) | |
| Defendants. | | |

### MEMORANDUM

Plaintiff Julius Marable, a pretrial detainee in the Rutherford County Adult Detention Center, has filed a *pro se* Complaint for Violation of Civil Rights Under 42 U.S.C. § 1983. (Doc. No. 1.) The Complaint is before the Court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, and 42 U.S.C. § 1997e.

### I. Standard of Review

Under the PLRA, the Court must conduct an initial review of any civil complaint filed *in forma pauperis*, 28 U.S.C. § 1915(e)(2), or brought by a prisoner-plaintiff against government entities or officials, 28 U.S.C. § 1915A, or challenging the conditions of confinement, 42 U.S.C. § 1997e(c). Upon conducting this review, the Court must dismiss the complaint, or any portion thereof, that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A; 42 U.S.C. § 1997e(c). The Sixth Circuit has confirmed that the dismissal standard articulated by the Supreme Court in <u>Ashcroft v. Iqbal</u>, 556 U.S. 662 (2009), and <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544

(2007), "governs dismissals for failure to state a claim under those statutes because the relevant statutory language tracks the language in Rule 12(b)(6)." Hill v. Lappin, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive scrutiny on initial review, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing Twombly, 550 U.S. at 556).

In reviewing the complaint to determine whether it states a plausible claim, "a district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." Tackett v. M & G Polymers, USA, LLC, 561F.3d 478, 488 (6th Cir. 2009) (citing Gunasekera v. Irwin, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). A *pro se* pleading must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citing Estelle v. Gamble, 429 U.S. 97, 106 (1976)). *Pro se* status, however, does not exempt a plaintiff from compliance with relevant rules of procedural and substantive law. *See* Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989) ("Neither [the Supreme] Court nor other courts . . . have been willing to abrogate basic pleading essentials in *pro se* suits."); *see also* Brown v. Matauszak, 415 F. App'x 608, at *5 (6th Cir. Jan. 31, 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating, "a court cannot create a claim which [a plaintiff] has not spelled out in his pleading") (citation and internal quotation marks omitted; alteration in original).

## II. Factual Allegations

Construed liberally, the Complaint essentially alleges that Murfreesboro Police Detective Christopher Phillips arrested Plaintiff without probable cause and planted evidence against him in violation of the Fourth Amendment, and that the 16th Judicial Circuit Court has violated his right to due process by having the same grand jury foreperson with a 100% indictment rate for more than 10 years. In addition, Plaintiff alleges that jail staff are violating his First Amendment right to access the courts by skimming his outgoing legal mail before sealing and mailing it. He seeks unspecified damages for pain and suffering and punitive damages.

## III. Analysis

Plaintiff brings suit under 42 U.S.C. § 1983 to vindicate alleged violations of his federal constitutional rights. Section 1983 confers a private federal right of action against any person who, acting under color of state law, deprives an individual of any right, privilege or immunity secured by the Constitution or federal laws. Wurzelbacher v. Jones-Kelley, 675 F.3d 580, 583 (6th Cir. 2012). Thus, to state a § 1983 claim, a plaintiff must allege two elements: (1) a deprivation of rights secured by the Constitution and laws of the United States, and (2) that "the deprivation was caused by a person acting under color of state law." Tahfs v. Proctor, 316 F. 3d 584, 590 (6th Cir. 2003) (citations omitted); 42 U.S.C. § 1983.

Plaintiff's claim against the 16th Judicial Circuit Court must be dismissed, because the court is not a "person" under § 1983, and is therefore not a proper defendant to Plaintiff's suit. The Sixth Circuit "has held that a state court is not a 'person' within the meaning of that term as used in § 1983 [.]" Mumford v. Zieba, 4 F.3d 429, 435 (6th Cir. 1993) (citing Foster v. Walsh, 864 F.2d 416, 418 (6th Cir. 1988)). Likewise, neither the sheriff's department nor the police department is

subject to suit under § 1983, Mathes v. Metro. Gov't of Nashville & Davidson Cty., No. 3:10-CV-0496, 2010 WL 3341889, at *2 (M.D. Tenn. Aug. 25, 2010) (collecting cases and observing that "federal district courts in Tennessee have frequently and uniformly held that police departments and sheriff's departments are not proper parties to a § 1983 suit"), and Plaintiff has not alleged that any constitutional violations are the product of custom or policy of the local governments, as necessary to make the governments themselves liable under § 1983. See Matthews v. Jones, 35 F.3d 1046, 1049 (6th Cir. 1994) ("The County may be held liable for [Plaintiff's] injuries only if those injuries were the result of an unconstitutional policy or custom of the County."). The claims against each of these defendants must therefore be dismissed.

Moreover, Plaintiff's Fourth Amendment claim against Detective Phillips relates directly to the validity of his criminal prosecution and may not proceed under § 1983 while the criminal charge is pending against him. The law is well established that "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement ... even though such a claim may come within the literal terms of § 1983." Heck v. Humphrey, 512 U.S. 477, 481 (1994) (citing Preiser v. Rodriguez, 411 U.S. 475, 488–90 (1973)). Because Heck's bar to civil suits that necessarily imply the invalidity of incarceration only applies when there is an "extant conviction" and not merely an "anticipated future conviction," Wallace v. Kato, 549 U.S. 384, 393 (2007), the Supreme Court advises that in cases like this one it is "common practice" for a district court "to stay the civil action until the criminal case or the likelihood of a criminal case is ended." Wallace, 549 U.S. at 393–94. Upon conclusion of the criminal prosecution, the civil action may either proceed or, in the event of a conviction, be dismissed as barred by Heck. Wallace, 549 U.S. at 394.

Accordingly, the Court will stay Plaintiff's claim against Detective Phillips pending the

outcome of Plaintiff's criminal prosecution. The stay will remain in effect until the criminal proceeding is resolved, including expiration of the time to file any appeal. If an appeal is filed, the stay will remain in effect until the appeal process is resolved. For administrative purposes only, the case will be closed during the pendency of the stay.

## IV.  CONCLUSION

For the reasons set forth above, this action will be **DISMISSED** with prejudice with respect to the Rutherford County Sheriff's Department, the 16th Judicial Circuit Court and the Murfreesboro Police Department. The remainder of this action will be **STAYED** pending resolution of Plaintiff's criminal prosecution.

An appropriate Order is filed herewith.

_____
WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE